UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

G.F.F., *et al.*,                                      :

                                                       :       **OPINION AND ORDER**
                                      Petitioners,   :       **GRANTING CLASS**
              -against-                                :       **CERTIFICATION**

                                                       :
                                                       :       25 Civ. 2886 (AKH)
DONALD J. TRUMP, *et al.*,                             :

                                                       :
                                      Respondents.   :

-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

 This past Monday, April 7, 2025, the Supreme Court vacated the temporary restraining

order of the United States District Court for the District of Columbia, which enjoined the

Government from removing, pursuant to the Alien Enemies Act ("AEA"), "a provisionally

certified class consisting of '[a]ll noncitizens in U.S. custody who are subject to'" Presidential

Proclamation No. 10903, invoking the AEA to detain and remove Venezuelan nationals who are

members of Tren de Aragua ("TdA"), a Venezuelan gang and designated foreign terrorist

organization, since, for core habeas petitions, jurisdiction lies in only the district of confinement.

*Trump v. J.G.G.,* No. 24A931, 2025 WL 1024097, at \*1 (April 7, 2025). The Court further ruled

that detainees subject to removal under the AEA "are entitled to notice and opportunity to be

heard," and "must receive notice after the date of this order that they are subject to removal

under the [AEA]," which "must be afforded within a reasonable time and in such a manner as

will allow them to actually seek habeas relief in the proper venue before such removal occurs."

*Id.* at \*2.

 In the aftermath of this decision, on April 8, 2025, Petitioners petitioned for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2241, and moved for a temporary restraining order and

class certification, on behalf of a nationwide class subject to the Presidential Proclamation. *See*

ECF Nos. 1-2, 4. Petitioners subsequently amended their motion for class certification as to limit

it to individuals confined within this District. *See* ECF Nos. 16-17. Specifically, Petitioners move

to certify a class action (i) seeking protection of those who are, or will be, subject to the AEA;

and (ii) invalidating the AEA. The parties appeared before me on April 9, 2025 for a temporary

restraining order hearing.

I grant, in part, and deny, in part, Petitioners' requested relief.

The AEA provides, in pertinent part:

> Whenever there is a declared war between the United States and any foreign
> nation or government, or any invasion or predatory incursion is perpetrated,
> attempted, or threatened against the territory of the United States by any foreign
> nation or government, and the President makes public proclamation of the event,
> all natives, citizens, denizens, or subjects of the hostile nation or government,
> being of the age of fourteen years and upward, who shall be within the United
> States and not actually naturalized, shall be liable to be apprehended, restrained,
> secured, and removed as alien enemies. The President is authorized in any such
> event, by his proclamation thereof, or other public act, to direct the conduct to be
> observed on the part of the United States, toward the aliens who become so liable;
> the manner and degree of the restraint to which they shall be subject and in what
> cases, and upon what security their residence shall be permitted, and to provide
> for the removal of those who, not being permitted to reside within the United
> States, refuse or neglect to depart therefrom; and to establish any other regulations
> which are found necessary in the premises and for the public safety.

50 U.S.C. § 21. The statutory scheme also provides that after an individual subject to the AEA is

apprehended, they shall be provided "a full examination and hearing on such complaint, and

sufficient cause appearing, to order such alien to be removed out of the territory of the United

States, or to give sureties for his good behavior, or to be otherwise restrained." 50 U.S.C. § 23.

On March 14, 2025, Respondent Donald Trump issued Presidential Proclamation No.

10903, 90 Fed. Reg. 13033 (2025), which invoked the AEA to detain and deport suspected

members of TdA. The Presidential Proclamation states that "TdA is perpetrating, attempting, and

threatening an invasion or predatory incursion against the territory of the United States," and that

members of TdA "are, by virtue of their membership in that organization, chargeable with actual

hostility against the United States," and thus constitute "a danger to the public peace or safety of the United States."

Petitioners seek to challenge the law and its application for a class, as they define, "[a]ll noncitizens in U.S. custody in the Southern District of New York who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation." ECF No. 17.

I hold that class certification is appropriate, but is limited to assuring that notice and a hearing is provided before any deportation, and that there be cause for deportation pursuant to the statute and Presidential Proclamation. I leave considerations as to the validity of the Presidential Proclamation under the AEA for another day.

The Second Circuit has held that habeas petitions may be brought as class actions, and are not subject to the "precise provisions" of Fed. R. Civ. P. 23, the Rule which generally governs class action certification. *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125-26 (2d Cir. 1974). Instead, the All Writs Act, 28 U.S.C. § 1651, and the reach of habeas corpus jurisdiction, enable courts "to fashion for habeas actions 'appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage.'" *Id.* at 1125 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)).

In *Preiser*, the Circuit determined that the "unusual circumstances" of that case—the facts that class counsel's claim was "applicable on behalf of the entire class, uncluttered by subsidiary issues," and that many members of the class were "likely to be illiterate or poorly educated, and . . . would not have the benefit of counsel to prepare habeas corpus petitions"— provided "a compelling justification for allowing a multi-party proceeding similar to the class

action authorized by the Rules of Civil Procedure." 506 F.2d at 1125-26. And the *Preiser* panel also noted that its decision that a habeas case could proceed as an aggregate action was further bolstered since the circumstances of the class in that case met the strictures of Fed. R. Civ. P. 23(a). *Id.* at 1126. "The approach laid out by the *Preiser* court is, in short, both flexible and sensitive to the particular circumstances of a given case." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 450 (D. Conn. 2020).

Here, the same circumstances apply. Petitioners' claim is applicable to the entire class, a population that is likely not to be conversant in English, and likely to not easily find counsel to file individual habeas petitions. The members of the class, although sufficient to justify class treatment, are limited to one or two places, and are similarly situated, and thus easily-manageable, and are similarly threatened by expulsion from this country. Petitioners satisfy the requirements of Fed. R. Civ. P. 23(a) in that they meet the requirements of numerosity, typicality, common questions of law and fact as to the class, and adequate representation to ensure that the interests of the class are protected. Specifically, numerosity is satisfied since there appear to be many persons similarly situated and detained in the Southern District of New York. Joinder of individuals is impractical given the limited available information as to the detainees who are subject to the Presidential Proclamation in this District, as well as their limited access to counsel. *See Robidoux v. Celani*, 987 F.2d 931, 935-36 (2d Cir. 1993) (reversing district court's decision that numerosity was lacking since the "[d]etermination of practicability depends on all the circumstances surrounding a case, not on mere numbers."). And typicality is likewise satisfied since the claims of Petitioners are typical of the class in that they each face a common injury based on the same government policy or practice. Each member of the class shares common issues of law and fact: the legality of the Presidential Proclamation under the AEA, and

4

the notice and hearing required thereunder. And Petitioners' counsel can adequately represent all potential class members fairly and adequately. Accordingly, under *Preiser*, I find that it is appropriate to permit this habeas action to proceed on a class-wide basis.

Based on the foregoing, I certify a class, for purposes of this habeas action, designated as follows:

> All noncitizens in U.S. custody in the Southern District of New York who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation, who have not been given notice following the Supreme Court's decision of April 7, 2025, *Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097, and granted a hearing. The notice to be provided shall be written in English and Spanish, the language of those sought to be expelled, and if needed, Spanish-to-English interpreters shall be provided for hearings.

I appoint Petitioners G.F.F. and J.G.O. as Class Representatives, and I further appoint Petitioners' counsel, attorneys of the American Civil Liberties Union and the Democracy Forward Foundation, as class counsel.

The issue of what hearing is required under the AEA, whether in this Court, or some other forum, is reserved for further consideration at the preliminary injunction hearing, which will be held on April 22, 2025, at 2:30 p.m., in Courtroom 14D. Since there is no need now to determine the validity of the Presidential Proclamation or the applicability of the AEA, I deny that part of the motion as premature.

The Clerk of Court shall terminate ECF No. 4.

SO ORDERED.

Dated:    April ⁄, 2025
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge