IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G.F.F. and J.G.O., on their own behalf and on behalf of others similarly situated,<br><br>*Petitioners*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents*. | Case No. 1:25-cv-02886 |

## RESPONDENTS' MOTION TO VACATE CLASS CERTIFICATION

Respondents, by counsel, hereby move this Court for an order decertifying the class certified in this Court's April 9, 2025, Opinion and Order Granting Class Certification (ECF No. 32). In support of this motion, Respondents submit the attached Memorandum of Law in Support of Respondents' Motion to Decertify Class.

                                                                                              Respectfully submitted,

                                                                                               YAAKOV M. ROTH
                                                                                               Acting Assistant Attorney General
                                                                                               Civil Division

                                                                                              /s/ Drew C. Ensign
                                                                                              DREW C. ENSIGN
                                                                                              Deputy Assistant Attorney General
                                                                                              950 Pennsylvania Avenue, NW
                                                                                              Washington, DC 20001
                                                                                              (202) 514-2331
                                                                                              drew.c.ensign@usdoj.gov

April 21, 2025                                                   Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G.F.F. and J.G.O., on their own behalf and on behalf of others similarly situated,<br><br>*Petitioners*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents*. | Case No. 1:25-cv-2886 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENTS' MOTION TO VACATE CLASS CERTIFICATION**

Respondents hereby move, pursuant to Federal Rule of Civil Procedure 23, to decertify the class certified in this Court's April 9, 2025, Opinion and Order Granting Class Certification (ECF No. 32) and April 11, 2025, Order Amending Class Certification (ECF No. 34). The Government respectfully submits that this Court lacks jurisdiction to review the March 2025 Presidential Proclamation entitled "Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua" or enjoin the President's exercise of authority under Article II and the Alien Enemies Act ("AEA"). Without jurisdiction, there is no basis to certify a class to resolve Petitioners' claims. Even if this Court determines that it has jurisdiction, it should nonetheless decertify the class because the information provided herein will establish that Petitioners fail to satisfy the Rule 23(a) requirements of numerosity, commonality, and typicality. Therefore, for good cause, Respondents ask this Court to decertify the class.

2

**FACTUAL AND PROCEDURAL HISTORY**

Respondents incorporate by reference the statement of facts in their opposition to Plaintiffs' motion for preliminary injunction. *See* ECF No. 41 at 2-8. On April 8, 2025, Petitioners filed their Petition for Writ of Habeas Corpus (ECF No. 1), Emergency Motion for Temporary Restraining Order (ECF No. 2) ("Emergency Motion"), Motion for Class Certification (ECF No. 4), and subsequent letter and errata modifying the proposed class (ECF Nos. 16, 17). On April 9, 2025, without the benefit of briefing by the Government, this Court issued an Order Granting Temporary Restraining Order (ECF No. 31) as well as an Opinion and Order Granting Class Certification (ECF No. 32) ("Class Order"), which is the subject of this motion along with the Court's April 11, 2025, Order Amending Class Certification (ECF No. 34). In granting Petitioners' Motion for Class Certification (ECF No. 4) and Request for Modification Regarding Class Certification Order (ECF No. 33), this Court certified a class designated as follows:

> All noncitizens in federal, state, or local custody in the Southern District of New York who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation, who have not been given notice following the Supreme Court's decision of April 7, 2025, *Trump v J.G.G.*, No. 24A931, 2025 WL 1024097, and granted a hearing. The notice to be provided shall be written in English and Spanish, the language of those sought to be expelled, and if needed, Spanish-to-English interpreters shall be provided for hearings.

ECF No. 34 at 1. In doing so, this Court noted that the "Second Circuit has held that habeas petitions may be brought as class actions, and are not subject to the 'precise provisions' of Fed. R. Civ. P. 23, the Rule which generally

3

governs class action certification." Class Order at 3 (citing *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125-26 (2nd Cir. 1974)). This Court reasoned that, as in *Preiser*, this habeas case should proceed as an aggregate action for several reasons, including that "Petitioners satisfy the requirements of Fed. R. Civ. P. 23(a) in that they meet the requirements of numerosity, typicality, common questions of law and fact as to the class, and adequate representation to ensure that the interests of the class are protected." Class Order at 4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(a) requires that a class be represented by named plaintiffs who can establish that: (1) the class is so numerous that joinder of all of its members is impracticable; (2) the case involves questions of fact or law that are common to all class members; (3) the named plaintiffs' claims are typical of those of the class; and (4) the named plaintiffs will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Under Rule 23(b)(2), a class may be maintained only if all of the requirements of Rule 23(a) are satisfied and "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Like certification, class decertification is discretionary, and the court "remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); Fed. R. Civ. P. 23(c)(1) ("An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."). A court may reconsider its class certification order if

4

compelling reasons substantially cast doubt on the composition of the class such as the class representative lacks a live claim, and changes in the law have occurred. *Kremens v. Bartley*, 431 U.S. 119, 130 (1977); *Hartman v. Duffey*, 19 F.3d 1459, 1470, 1474–75 (D.C. Cir. 1994).

## ARGUMENT

### I. This Court Should Vacate Its Order Certifying a Class of Aliens Raising Claims Over Which It Lacks Jurisdiction.

This Court lacks jurisdiction to review the Proclamation or enjoin the President's exercise of authority under Article II and the AEA. The Supreme Court has long recognized that courts cannot issue an injunction purporting to supervise the President's performance of his "official duties"—including "the execution of an act of Congress." *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1867); *Trump v. United States*, 603 U.S. 593, 607 (2024) (recounting that the President "has important foreign relations responsibilities: [including] . . . recognizing foreign governments, . . . overseeing international diplomacy and intelligence gathering, and managing matters related to terrorism, . . . and immigration").

Consistent with that general rule, courts have held that the President's authority and discretion under the AEA is not a proper subject for judicial scrutiny: "The authority of the President to promulgate by proclamation or public act 'the manner and degree of the restraint to which they (alien enemies) shall be subject, and in what cases,' is, of course, *plenary and not reviewable*." *Ex parte Gilroy*, 257 F. 110, 112 (S.D.N.Y. Feb. 28, 1919) (emphasis added); *see also id*. ("Once the person is

5

an alien enemy, obviously the course to be pursued is essentially an executive function, to be exercised in the discretion of the President.").

Indeed, the Supreme Court recently held that "[c]hallenges to removal under the AEA, a statute which largely 'preclude[s] judicial review,' must be brought in habeas." *Trump, et al. v. J.G.G., et al.*, 604 U.S. ----, 2025 WL 1024097, at *1 (U.S. Apr. 7, 2025) (quoting *Ludecke v. Watkins*, 335 U. S. 160, 163–164 (1948)). The Supreme Court further held that an individual subject to detention and removal under the AEA is entitled to "'judicial review'" as to "questions of 'interpretation and constitutionality' of the Act as well as whether he or she 'is in fact an alien enemy fourteen years of age or older.'" *Id.* at *2 (quoting *Ludecke*, 335 U. S., at 163–164, 172, n. 17). "So, the detainees are entitled to notice and opportunity to be heard 'appropriate to the nature of the case.'" *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 313 (1950)). More specifically, the Court held that "AEA detainees must receive notice . . . that they are subject to removal under the [AEA]. The notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs." *Id.*

Because jurisdiction in this context is limited to individual habeas claims challenging whether an alien has been properly included in the category of alien enemies – necessarily an individual determination – there is no basis to certify a class to resolve those claims. *See Harris v. Med. Transp. Mgmt., Inc.*, 77 F.4th 746, 753 (D.C. Cir. 2023) (class certification not appropriate where "questions of law or fact . .

6

. affecting only individual members" predominate); Compl. ¶¶ 11-12 (setting out separate factual circumstances of each Petitioner); *see also Trump, et al. v. J.G.G., et al.*, 2025 WL 1024097, at *8 (Sotomayor, J., dissenting) (noting that the issue before the Court was "'which procedural vehicle is best situated for the Plaintiffs' injunctive and declaratory claims': *individual habeas petitions filed in district courts across the country* or a class action filed in the District of Columbia") (emphasis added).

## II. This Court Should Vacate Its Class Certification Order Because the Certified Class Fails to Meet the Requirements of Rule 23.

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamanski*, 442 U.S. 682, 700-01 (1979)). Federal Rule of Civil Procedure 23 governs class certification. To satisfy Rule 23, a putative class must first satisfy each of Rule 23(a)'s four requirements: (1) numerosity; (2) typicality; (3) commonality; and (4) adequacy. *See* Fed. R. Civ. P. 23(a). If the putative class satisfies Rule 23(a)'s requirements, it then "must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes* ("*Wal-Mart*"), 564 U.S. 338, 345 (2011). Here, Petitioners rely on Rule 23(b)(2), *see* ECF No. 4 at 12-13, which requires that they show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"[C]ertifications are not frozen once made." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 479 n.9 (2013). Even after a class is certified, "[a] district

7

court is required to monitor class proceedings and 'reassess [its] class rulings as the case develops.'" *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 261 (2d Cir. 2021) (quoting *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999)). The Court can decertify the class whenever it finds that the class no longer satisfies Rule 23. *See Abdi v. McAleenan*, 405 F. Supp. 3d 467, 474 (W.D.N.Y. 2019) (citing *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982)); *see also* Fed. R. Civ. P. 23(c)(1)(C). Similarly, the Court can decertify a class by motion of a party where there has been "some significant intervening event, or a showing of compelling reasons to reexamine the question." *Abdi*, 405 F. Supp. 3d at 474 (quoting *Doe v. Karadzic*, 192 F.R.D. 133, 136-37 (S.D.N.Y. 2000)). As at the initial certification stage, Petitioners retain the burden of demonstrating that Rule 23's requirements are met by a preponderance of the evidence when opposing a motion to decertify the class. *Id.* Here, the information provided in the declarations referenced below establishes a compelling basis to revisit class certification.

### A. Petitioners Cannot Show Numerosity.

Petitioners fail to satisfy their burden of showing that the class is so numerous that joinder is impracticable under Rule 23(a)(1). Analysis of numerosity "requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). While a petitioner need not calculate the precise number of class members, mere speculation as to numerosity does not satisfy Rule 23(a)(1). *Marcus*, 687 F.3d at 596-97; *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988). Furthermore, "[i]t is well-established that members of a plaintiff

8

class must all have the legal right to bring suit against the defendant on their own; inclusion of those without such standing renders the class overbroad." *In re TJX Companies Retail Sec. Breach Litig.*, 246 F.R.D. 389, 393 (D. Mass. 2007). A court may strike class allegations that encompass individuals who cannot meet basic jurisdictional requirements. *Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 269 (D. Mass. 2017); *see also Pagan v. Dubois*, 884 F. Supp. 25, 28 (D. Mass. 1995) (holding plaintiffs' class definition as overbroad because it included those who did not have an injury).

As a preliminary matter, the class cannot extend beyond aliens in custody at Orange County Jail. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). In adopting the "immediate custodian" rule, the Supreme Court rejected the "legal reality of control" standard and held that legal control does not determine the proper respondent in a habeas petition that challenges present physical confinement. *See Padilla*, 542 U.S. at 437-39. In unambiguous terms, the Supreme Court explained that, "[i]n challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Id.* at 439. Here, the warden of the detention facility—the person with physical custody and control over the petitioner—is

Petitioners' immediate custodian, not a local ICE Field Office Director who exercises only legal control.[1]

Indeed, *Padilla* makes clear that the warden of the detention facility, who has physical control over the habeas petitioner, is in fact the official who has the ability to "produce" the petitioner "that he may be released" pursuant to a writ of habeas corpus. *Id.*, 542 U.S. at 435; *see also, e.g., Golding Sessions*, No. 18 Civ. 3036 (RJS), 2018 WL 6444400, at *3 (S.D.N.Y. Dec. 6, 2018) ("As the Supreme Court recognized in Padilla, a detainee's immediate custodian is the person who 'exercises day-to-day control' over his or her 'physical custody,' not the person who ordered such custody."); *Lemus-Pineda v. Whittaker*, 354 F. Supp. 3d 473, 475 (S.D.N.Y. 2018) (rejecting the argument that ICE NY Field Office Decker is the proper respondent where petitioner asserted that "decisions 'regarding whether to continue to detain or release ICE detainees' are made by the ICE field office," and instead finding "the fact that ICE makes decisions regarding Petitioner's detention 'do[es] not change the fact that the warden . . . is, quite literally, Petitioner's immediate physical custodian'"). As Petitioners have named only one warden, Paul Arteta, the warden of Orange County Jail, it is improper to extend the class beyond this facility. ECF. No. 1.

---

[1] The Court recognized that at the April 9, 2025, TRO hearing that "[t]he proper respondent, according to the Supreme Court, is the warden of Orange Country or whoever is in control of that facility or a section of that facility," Tr. at 15:22-25, and initially determined properly that the class should be limited to Orange County Jail. Tr. at 15:22-16:2; see also Tr. at 16:24-17:4. As of now, Petitioners have named only one warden: Paul Arteta, the warden of Orange County Jail.

Even if the class could include everyone in custody within the Southern District of New York—as this Court ordered (ECF No. 34)—the class would still fail to meet the numerosity requirement. *See Gen. Tel. Co. of N.W. v. E.E.O.C.*, 446 U.S. 318, 330 (1980) ( "[w]hen judged by the size of the putative class in various cases in which certification has been denied, this minimum [fifteen employees] would be too small to meet the numerosity requirement."). This is because the only evidence submitted on the number of individuals currently in custody in this district who may potentially be subject to the Proclamation is eight (including the named Plaintiffs). *See* ECF No. 41-5, ¶¶ 26, 30 (declaring that "[t]here are currently 8 Venezuelan citizens with alleged membership in TdA detained at Orange County Jail[, the only ICE detention facility located in the Southern District of New York], including the named Petitioners in this lawsuit"). Although Petitioners cite a far larger number in their Motion for Class Certification, *see* ECF No. 4 at 7, that number reflects nationwide figures and individuals admittedly not yet detained. Plaintiffs also argue that joinder would be "impracticable not only because of the sheer numbers, but also because class members are frequently dispersed in different detention facilities prior to rapid staging for removal." *Id.* at 8. This is because when Petitioner's filed their Motion for Class Certification, they filed it seeking to certify a *nationwide* class of aliens. ECF No. 4. Now that this Court has certified a class solely within the Southern District of New York (ECF No. 34), Plaintiffs cannot claim that joinder is impracticable due to numerosity or dispersion. All 8 possible class members (including named Plaintiffs) are in the same detention facility. *See* ECF No. 41-5, ¶¶ 26, 30. So Plaintiffs cannot

11

meet the numerosity requirement. *Compare Grant v. New York Times Co.*, 329 F.R.D. 27, 32 (S.D.N.Y. 2018) ("Six, or ten, individuals does not reach the presumption of numerosity, or the "gray area" in which additional factors must be considered…Plaintiffs have cited no cases where courts have certified classes as small as this.") *with U. S. ex rel. Sero*, 506 F.2d at 1119 ("with more than 500 members of the class").

Only late in the evening before the TRO hearing did Petitioner's file a notice to modify and limit their requested class to one within this District, but they did not otherwise modify their motion for class certification or make any effort to meet their burden of demonstrating that they satisfied the requirements for class certification for this newly proposed class. ECF. No. 33. Even though Plaintiffs' submitted new evidence in reply to the Government's TRO opposition, they still made no effort to support the numerosity requirement or their argument that joinder would otherwise be impractical. *See* ECF No. 54 at 17. Instead, Plaintiffs argue that this does not include potential "future" class members," as the class is "fluid." *Id.* Such speculation (citing to no evidence) cannot be the basis for a class against the Government. *See Marcus*, 687 F.3d at 596-97; *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988). Reliance on future class members is especially problematic for habeas, as custody is a jurisdictional prerequisite to filing a habeas petition. *See I.M. v. United States Customs & Border Prot.*, 67 F.4th 436, 439 (D.C. Cir. 2023) ("Custody Is an Essential

Jurisdictional Requirement").[2] Since these speculative future class members are not currently in custody, they cannot petition for habeas corpus. *Id.* As a result, they cannot be part of a class. *See Monteferrante*, 241 F. Supp. 3d at 269 ("court may strike class allegations that plainly encompass individuals whose claims are barred by jurisdictional or time limitations").

In any event, because the Government will give notice of the designation, in English and Spanish, prior to removing an individual under the AEA, there are *no* individuals who will be in the class as currently defined. *See* ECF No. 41-4, ¶¶ 6-8 (declaring that the Government has adopted procedures for aliens subject to the Proclamation" "requir[ing] that each such alien be provided individual notice, in a language the alien understands, of the government's determination that the alien is subject to removal as an alien enemy under the Proclamation . . . [which] will allow the alien a reasonable time to file a petition for a writ of habeas corpus").

### B. Petitioners Cannot Show Commonality.

The "commonality" requirement mandates that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). However, the proposed class's "claims must depend upon a common contention." *Wal-Mart*, 564 U.S. at 350. Moreover, "[t]hat common contention . . . must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will

---

[2] The Government reserves for appeal the question of whether habeas is ever a proper basis for a class action, as it makes no sense to order a custodian to "produce the body" to the court of a prisoner that is unidentified. *Id.*; *see also A.A.R.P. v. Trump.*, 604 U. S. ____ at 5 (2025) (Alito, J., dissenting) ("this Court has never held that class relief may be sought in a habeas proceeding.").

resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. Although for purposes of Rule 23(a)(2) even a single common question will do, "[w]hat matters to class certification . . . is not the raising of common questions—even in droves—but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the class are what have the potential to impede the generation of common answers." *Id*. (citation omitted).

Petitioners cannot satisfy the commonality requirement because there are clear dissimilarities between the class and its representatives. Because the named representatives have had notice of the Government's intention to designate and remove under the AEA since the issuance of the Proclamation on March 14, 2025, they would be entitled to significantly less notice going forward than the ordinary class member, who will receive notice prior to removal in accordance with the developing procedures. *See* ECF No. 41-4, ¶¶ 6-8.

To the extent the common allegation is that class members have all suffered a violation of the Due Process Clause—that is insufficient to satisfy commonality. *Wal-Mart*, 564 U.S. at 350. The allegation is particularly deficient because "due process is flexible and calls for such procedural protections as the particular situation demands." *Matthews v. Eldridge*, 424 U.S. 319, 321 (1976); *Jennings v. Rodriguez*, 583 U.S. 281, 314 (2018) (a class action may not be the proper vehicle to resolve Due Process claims because of the flexibility inherent in a Due Process analysis). Because due process is a flexible concept, the dissimilarities inherent to each individual case

would require a court to delve into the specific facts of each alien's case, thereby rendering it impossible to dispose of the class-wide claims in an efficient manner. It would be more efficient to address these issues in the context of individual habeas cases where the court may elect to stay individual removals for longer or shorter periods based on the allegations and strength of the Government's showing in individual cases. Moreover, determinations of whether an alien falls within the designation of TdA, and thus subject to removal under the AEA, are inherently fact-specific questions that cannot be resolved on a class-wide basis. The same is true regarding whether they can assert or even have claims to withhold removal or seek asylum. Accordingly, the certified class does not meet the commonality requirement under Rule 23(a)(2).

### C. Petitioners Cannot Show Typicality.

Petitioners also fail to satisfy the requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement of Rule 23(a)(3) "derives its independent legal significance from its ability to screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 598 (3d Cir. 2012). Thus, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class member." *Gen. Tel. Co. of the Sw.*, 457 U.S. at 156.

15

Here, the named Petitioners have had notice of the Government's intention to designate under the AEA since the issuance of the Proclamation on March 14, 2025, and would therefore be entitled to significantly less notice going forward than the ordinary class member. *See* ECF No. 41-4, ¶¶ 6-8. In fact, the named Plaintiffs have been on notice of their designation for well over thirty days. ECF Nos. 2-2 at ¶ 8; 2-3 at ¶ 6. During this time, the named Plaintiffs have had continual contact with counsel and have litigated this issue in multiple courts. ECF No. 2-2 at ¶¶ 8, 17, 18, 22-24. As a result, the class representatives are *not* part of the proposed class and do *not* possess the same interest or suffer the same injury as the class members.

### D. Petitioners Cannot Satisfy the Requirements of Rule 23(b)(2).

Even if a class proponent can satisfy Rule 23(a), he must still show that his claim comes within one of the three types of class actions permitted by Rule 23(b)(1), (2), or (3). *See* Fed. R. Civ. P. 23(b); see also *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). Here, Petitioners argue that they have satisfied Rule 23(b)(2). ECF No. 4 at 12-13. Rule 23(b)(2) provides that a class action can be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360 (internal quotations and citation omitted).

"It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Id.*

Here, Rule 23(b)(2) does not authorize class certification because each individual class member would be entitled to a different injunction or declaratory judgment against Respondents. Whether an alien is a member of Tren de Aragua; whether he has been given sufficient process; whether he is removable under a different provision of law; and other such questions necessarily are individualized determinations unsuitable for class treatment.

To the extent Petitioners are entitled to some additional procedures under the Due Process Clause, those procedures would be different for each alien depending on the underlying facts and circumstances of their case because—as the Supreme Court has "stressed repeatedly"—"due process is flexible," and it "calls for such procedural protections as the particular situation demands." *Jennings*, 583 U.S. at 314 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) and citing *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)); *see also Vallario v. Vandehey*, 554 F.3d 129, 1268 (10th Cir. 2009) ("Under Rule 23(b)(2), the injuries sustained by the class must be sufficiently similar that they can be addressed in a single injunction that need not differentiate between class members." (emphasis added) (citation omitted)). "A class consisting of some members who might be entitled to [relief] and others who are not lacks sufficient cohesiveness to obtain relief . . . under Rule 23(b)(2)." *Reid*, 17 F.4th at 11 (holding that a class of aliens seeking relief from mandatory detention in § 1226(c) could not be sustained under Rule 23(b)(2) because they were not all entitled to the same

17

procedures). Although "having clear standards" with regard AEA removals may "make life simpler for all involved," a Rule 23(b)(2) class action seeking additional procedures under the Due Process Clause "does not provide a vehicle for preemptively announcing such rules." *Id.* at 12. Instead, standards should arise in the form of agency guidance or regulations or through "common law rules of precedential force, through case-by-case adjudication." *Id.* Under these circumstances, Petitioners cannot demonstrate that certification under Rule 23(b)(2) is proper.

## CONCLUSION

For the foregoing reasons, this Court should grant Respondents' Motion to Vacate Class Certification.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

/s/ Drew C. Ensign
DREW C. ENSIGN
Deputy Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20001
(202) 514-2331
drew.c.ensign@usdoj.gov

TIBERIUS DAVIS
Counsel

ANTHONY NICASTRO
Acting Director
Office of Immigration Litigation

DANIEL CAPPELLETTI
Trial Attorney

April 21, 2025                                        *Attorneys for Respondents*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, I filed the foregoing document with the Clerk of the Court through the Court's ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Drew Ensign
U.S. Department of Justice
