UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
G.F.F., *et al.*,  :
　　　　　　　　　　　　　　　　　　　　　:　　**ORDER DENYING**
　　　　　　　　　　　　　　　Petitioners,　:　　**RESPONDENTS' MOTION TO**
　　　　-against-　　　　　　　　　　　　　:　　**DECERTIFY THE CLASS**
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　25 Civ. 2886 (AKH)
DONALD J. TRUMP, *et al.*,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Respondents.　:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

　　　Respondents move to decertify the Class of Petitioners. They claim that there are only eight persons in the class Petitioners seek to represent—too few to satisfy the requirement of numerosity under Fed. R. Civ. P. 23(a)(1). The class, as amended, is defined as:

> All noncitizens in federal, state, or local custody in the Southern District of New York who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation, who have not been given notice following the Supreme Court's decision of April 7, 2025, *Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097, and granted a hearing.

ECF No. 34. Since the Class was properly certified, I deny Respondents' motion.

　　　As I explained in my Opinion and Order of April 9, 2025, granting class certification, ECF No. 32, the considerations of numerosity are broader than the sheer number of individuals in the class. *See Robidoux v. Celani*, 987 F.2d 931, 935-36 (2d Cir. 1993) (reversing district court's decision that numerosity was lacking since that determination "depends on all the circumstances surrounding a case, not on mere numbers."). Moreover, the Second Circuit has held that class actions in habeas cases are not subject to the "precise provisions" of Fed. R. Civ. P. 23, the Rule which generally governs class action certification. *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125-26 (2d Cir. 1974).

1

Here, it is not known how many people in the jurisdiction of this Court may become subject to an order of removal. The issues resolved in this case may have to be resolved over and again as the government removal policy continues. Judicial efficiency, and considerations of due process for individuals yet to be ordered to be removed, support a class action. Moreover, here, the facts are akin to those in *Preiser*, since many of the Class members cannot speak English, do not have easy access to counsel, and share common questions. "The approach laid out by the *Preiser* court is, in short, both flexible and sensitive to the particular circumstances of a given case." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 450 (D. Conn. 2020).

Accordingly, I deny Respondents' motion to decertify the Class. The Clerk of Court shall terminate ECF No. 72.

SO ORDERED.

Dated:   May 6, 2025
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge