IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G.F.F., *et al.*,<br><br>*Petitioners–Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants*. | Case No. 1:25-cv-02886 |

**PETITIONERS'-PLAINTIFFS' AND RESPONDENTS'-DEFENDANTS' RESPONSE RE: PROPOSED ORDER FOR PRELIMINARY INJUNCTION**

The parties have conferred and agreed on a proposed order to implement the Court's preliminary injunction, with agreement on all but one term: whether Respondents are ordered to provide to Class Counsel any "Alien Enemy Validation" Form that was prepared for class members who were designated under the President's Proclamation. *See* ECF No. 54-8 (Exh. 1) at 7-10 (example of form).

In the proposed order, the term at issue is 4.c. It appears in bold and in brackets. The parties will provide a Word document version via e-mail to the Court.

The parties agreed to provide simultaneous short statements to the Court explaining their positions.

**Petitioners-Plaintiffs' Statement:**

As the Court held, sufficient notice includes notice of the acts or conduct that the government alleges as evidence of being a member of Tren de Aragua. ECF No. 84 at 11 ("The notice must advise the alien of the acts he committed that justify his removal") (citing *Mullane v.*

1

*Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also id.* (citing 8 U.S.C. § 1229(a)(1) (requiring notice of "acts or conduct alleged to be in violation of law")). The Alien Enemy Validation Form shows what alleged facts the government recorded as the basis for its designation of class members, and such forms should readily be available for any class member who was previously designated.

**Respondents-Defendants' Statement:**

The only outstanding issue is whether Respondents must provide internal "Alien Enemy Validation" Forms explaining the Department of Homeland Security's determination that individual aliens are members of Tren de Aragua (Tda). These forms implicate sensitive law enforcement determinations that should not be shared lightly. Petitioners seek this information to understand the Department's basis for designating them as TdA members. But that is irrelevant at this stage. This Court granted Petitioners full relief: the class members may not be removed under the Alien Enemies Act (AEA). The point is moot. The Court did not order Respondents to provide this information or any other notice because Respondents cannot currently remove Petitioners under the AEA. ECF No. 84 at 21-22 (omitting any injunctive relief related to due process). If Respondents prevail on appeal and these cases become individual habeas inquiries into whether each Petitioner is in fact a TdA member, then this information may become relevant. Until then, Respondents should not be ordered to prematurely produce this sensitive information.

## [PROPOSED] ORDER

Upon consideration of Petitioners-Plaintiffs' Motion for a Preliminary Injunction: Having determined that Petitioners-Plaintiffs ("Petitioners") and the certified class are likely to succeed on the merits of their claims that the Proclamation violates the Alien Enemies Act ("AEA"), 50 U.S.C. § 21 *et seq.*; that the AEA does not authorize Respondents-Defendants ("Respondents") to remove them from the United States; that Respondents' actions implementing removals under the AEA violate due process; that in the absence of injunctive relief Petitioners and the certified class will suffer irreparable injury in the form of unlawful removal that may be irreversible; and that the balance of hardships and public interest favor preliminary relief, it is, therefore,

**ORDERED** that Petitioners' Motion for a Preliminary Injunction is hereby GRANTED; and that Respondents (excluding the President with respect to any injunctive relief), their agents, representatives, and all persons or entities acting in concert with them are hereby:

1. **ENJOINED** from enforcing the Presidential Proclamation entitled "Invocation of the Alien Enemies Act Regarding the Invasion of The United States by Tren De Aragua" in the Southern District of New York;

2. **ORDERED** not to regulate, restrain, detain, or remove Petitioners, or any members of the certified class, from the United States under the Proclamation, regardless of their present location;

3. **ORDERED** not to transfer Petitioners, including members of the certified class, from the Southern District of New York, provided, however, that nothing in this Order shall be construed to bar the transfer, removal, or release from immigration detention, of Petitioners pursuant to proceedings held under the Immigration and Nationality Act.

  To the extent class members are transferred, the Court retains jurisdiction and the class members can only be transferred out of the District for removal under the Immigration and Nationality Act or where otherwise consented to by counsel;

4. **ORDERED** to provide class counsel with the following for all past, current, and future members of the certified class who have been or will be detained in the Southern District of New York at any point on or after April 8, 2025:

    a. Information on the identity and locations of the class members;

    b. The immigration status of the class members;

**[The following is the only term in dispute:**

  c. **Any Alien Enemies Act Validation Forms;]**

  d. Any Alien Enemies Act Designation Forms;

  e. Any evidentiary submission in immigration proceedings or in federal court alleging evidence of TdA association or membership (including I-213 form or bond evidence packet).

5. **ORDERED** that after the May 21 conference, further proceedings in this Court shall be stayed pending appeal. Any party may move to lift the stay at any time.

It is further **ORDERED** that Petitioners shall not be required to furnish security for costs.

By agreeing to this proposed order, Respondents are not waiving or conceding any rights or arguments.

Entered on _____, of May 2025, at _____ a.m./p.m.

                                        _____
                                               ALVIN K. HELLERSTEIN
                                     United States District Court Judge

|  |  |
|---|---|
| Dated: May 13, 2025 | Respectfully submitted, |
|  | /s/ *Daniel Galindo* |
| My Khanh Ngo | Daniel Galindo |
| Noelle Smith | Lee Gelernt |
| Oscar Sarabia Roman | Ashley Gorski |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | Omar C. Jadwat |
|  | Hina Shamsi |
| 425 California Street, Suite 700 | Patrick Toomey |
| San Francisco, CA 94104 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION, |
| (415) 343-0770 | 125 Broad Street, 18th Floor |
| mngo@aclu.org | New York, NY 10004 |
| nsmith@aclu.org | (212) 549-2660 |
| osarabia@aclu.org | lgelernt@aclu.org |
|  | dgalindo@aclu.org |
|  | agorski@aclu.org |
|  | ojadwat@aclu.org |
|  | hshamsi@aclu.org |
|  | ptoomey@aclu.org |
|  | smahfooz@aclu.org |
|  |  |
|  | Amy Belsher |
|  | Robert Hodgson |
|  | Molly Biklen |
|  | New York Civil Liberties Union |
|  | 125 Broad Street, 19th Floor |
|  | New York, NY 10004 |
|  | Tel: (212) 607-3300 |
|  | abelsher@nyclu.org |
|  | rhodgson@nyclu.org |
|  | mbiklen@nyclu.org |
|  |  |
|  | *Attorneys for Plaintiffs-Petitioners* |

|  |  |
|---|---|
| Dated: May 13, 2025 | Respectfully submitted, |

**Yaakov M. Roth**
Acting Assistant Attorney General
Civil Division

**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation

s/Tiberius Davis
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
tiberius.davis@usdoj.gov

*Counsel for Respondents- Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 13, 2025, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

/s/ Daniel Galindo
Daniel Galindo
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (646) 905-8907
dgalindo@aclu.org

*Attorney for Petitioners-Plaintiffs*

**The Court agrees with Respondents that requiring the "Alien Enemy Validation Form" for each class member is moot at this point, since this Court's Preliminary Injunction prevents removal under the Alien Enemies Act. Should the Government wish to proceed, it is required to provide sufficient notice to Petitioners' counsel, as described in the Court's Opinion of May 6, 2025, ECF No. 84.**

**/s/ Alvin K. Hellerstein, U.S.D.J.**
**5/14/2025**

7